# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LORENZO SANTIAGO MARTÍNEZ, his wife MARÍA ADELAIDA ACEVEDO-PÉREZ, SAHUDI M. SANTIAGO-ACEVEDO, his daughter, JOSÉ R. DEL VALLE, his son-in-law and LOREN DEL VALLE, his granddaughter<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | CIVIL NO. 21-cv-01090<br><br>TORTS |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW PLAINTIFFS through the undersigned counsel, and respectfully allege and pray as follows:

1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 inasmuch as this is a claim pursuant to the Federal Torts Claims Act.

2. Venue is proper in this District since the facts that give rise to the claim occurred in the Commonwealth of Puerto Rico.

## THE PARTIES

3. Co-plaintiff Lorenzo Santiago-Martínez (Mr. Santiago-Acevedo) was at the time of the occurrence a 78 year-old veteran married to María Adelaida Acevedo-Pérez, a co-plaintiff.

4. The other co-plaintiffs are Sahudi M. Santiago-Acevedo, José R. del Valle and Loren del Valle, respectively Mr. Santiago-Martínez's daughter, son-in-law and granddaughter.

## THE FACTS

5. On January 1st, 2019, co-plaintiff Lorenzo Santiago Martínez, a veteran, was admitted at the Veteran's Administration Hospital (V.A. hospital) in San Juan, Puerto Rico on account of high blood pressure problems.

6. On May 5, 2019 he was discharged from the hospital and was escorted in a wheelchair by a VA's employee by the name of Ms. Blanca Benítez (Mrs. Benítez) to the hospital area in which patients wait for cars to pick them up.

7. Upon seen his wife's car approach and while the medical escort was un-attentive, co-plaintiff Santiago-Martínez attempted to get up from the wheelchair and fell.

8. As of proximate result of the fall, co-plaintiff Santiago-Martínez fractured his right hip and he was again hospitalized at the same Veterans Hospital until January 11, 2019 when he was again discharged.

9. The fractured hip required a surgical intervention as suggested by the V.A.'s orthopedist. The aforestated notwithstanding, Mr. Santiago-Martínez's cardiologist opposed such surgical procedure on account of the patient's pre-existing medical condition. The surgical procedure was not performed.

10. As a proximate result of the aforestated, co-plaintiff Santiago-Martínez has been unable to walk since the time of the accident and that condition is of a permanent nature.

11. Since the time of his discharge from the V.A.'s hospital on January 11, 2019 co-plaintiff Santiago-Martínez has been under the continuous care of his immediate family, the other co-plaintiffs in this case.

12. Mr. Santiago-Martínez has suffered as a result of the aforestated physical pain and mental anguishes that are estimated in the amount of not less than $300,000.00.

13. It is estimated that each and every other member of his immediate family which is a plaintiff hereto has suffered mental anguishes in the amount of not less than $100,000.00.

14. The accident described above and plaintiffs' damages were the direct result of Ms. Blanca Benítez's, the escort, negligence since she knew that Mr. Santiago-Martínez could not walk by himself, knew or should have known that it was foreseeable that he may attempt to walk, was a foresable unreasonable risk,

which situation created on her a duty of care towards Mr. Santiago-Martínez and which duty Ms. Benítez did not discharge by being unattentive to him.

15. Pursuant to the law of Puerto Rico, the U.S.A., as the employer of Ms. Benítez, is liable to the plaintiffs inasmuch as she was acting within the scope of employment when the negligence occurred.

16. The statute of limitations was tolled on two different occasions by the plaintiffs in accordance with the requirements of the Federal Torts Claims Act and plaintiffs' claims have not been denied.

WHEREFORE it is respectfully requested that damages be assessed for the plaintiffs and against the defendant as pleaded heretobefore and that costs and attorneys fees be also assessed.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of February, 2021.

*s/Rubén T. Nigaglioni*
Rubén T. Nigaglioni
USDC-PR No. 119901
Attorney for Plaintiffs
Nigaglioni Law Offices PSC
P.O. BOX  9023865
SAN JUAN, PR 00902-3865
Telephone: (787)765-9966
Telefax:    (787)751-2520
rtn@nigaglionilaw.com